**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

JOHN MEGGS,

      Plaintiff,

v.

JEFAST PELICAN GRAND I LLC,

      Defendant.

_____/

**<u>COMPLAINT</u>**

    Plaintiff, JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, JEFAST PELICAN GRAND I LLC (hereinafter "Defendant"), and as grounds alleges:

<u>JURISDICTION, PARTIES. AND VENUE</u>

    1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

    2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

    3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

    4.    Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, and is otherwise *sui juris.* Plaintiff is the President of the Not-for-Profit Corporation, Access 4 All, Incorporated.

5.      At all times material, Defendant, JEFAST PELICAN GRAND I LLC, was and is a Florida Limited Liability Company, organized under the laws of the state of Florida, with its principal place of business in Fort Lauderdale, Florida.

6.      At all times material, Defendant, JEFAST PELICAN GRAND I LLC, owned and operated a commercial property location at 2000 N Ocean Blvd, Fort Lauderdale, Florida 33305 (hereinafter the "Commercial Property"). Defendant, JEFAST PELICAN GRAND I LLC, holds itself out to the public as "Pelican Grand Beach Resort."

7.      Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Fort Lauderdale, Florida, Defendant regularly conducts business within Fort Lauderdale, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Fort Lauderdale, Florida.

FACTUAL ALLEGATIONS

8.      Although over twenty-nine (29) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

9.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the business therein, including the retail shopping store.

10.      The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11.      Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is

therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand.   Plaintiff requires the use of a wheelchair to ambulate.

12.     Defendant, JEFAST PELICAN GRAND I LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Fort Lauderdale, Broward, Florida, that is the subject of this Action.

13.     The subject Commercial Property is open to the public and is located in Fort Lauderdale, Florida.   The individual Plaintiff visited the Commercial Property on or about September 25, 2021, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.   He plans to return to and visit the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

14.     Plaintiff visited the Commercial Property as a patron/customer, visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property.   Plaintiff spends time in and near Fort Lauderdale, Florida and in the same state as the Commercial Property, and intends to return to the property on or about two (2) months' time of the filing of this Complaint as he regularly conducts business on behalf of the Not-For-Profit Corporation, in and around Miami-Dade and Broward County, Florida, including but not limited to meeting with organization's members and meeting with undersigned counsel. Specifically, Plaintiff intends to revisit the Commercial Property on or about March 2022, in order to hold a meeting for the Not-For-Profit Corporation the same South

Florida area.

15.     The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

16.     The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.   The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

17.     Defendant, JEFAST PELICAN GRAND I LLC, own and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and/or operates is the Commercial Property restaurant business located at 2000 N Ocean Blvd, Fort Lauderdale, Florida 33305.

18.     Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business

4

therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

## COUNT I – ADA VIOLATIONS

19.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

20.     Defendant, JEFAST PELICAN GRAND I LLC, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

21.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and hotel business within the Commercial Property, include, but are not limited to, the following:

A.  Parking and Exterior Accessible Route

i.     John Meggs was unable to find improperly identified accessible spaces violating ADAAG Section 4.6 and ADAS Section 502.

ii.    John Meggs was prevented from safely exiting his vehicle at Pelican Grand Hotel which lacks accessible unloading areas or (60" W x 20' L) are on > 3.3% slopes (> 2%) in violation of ADAAG Section 4.6.6 and Section 503 of the 2010 ADAS.

B.  Entrance Access and Path of Travel

i.     There is no compliant route from transit, sidewalk, and parking areas for John Meggs to access Pelican Grand Hotel which violates the requirements in Sections 4.1.2 and

4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii.      Accessible routes at Pelican Grand Hotel have > 3% cross slopes (>2%) creating

hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and

Sections 402 and 403 of the 2010 ADAS.

iii.     Accessible routes at Pelican Grand Hotel have changes in level of (>3/4") creating

hazardous conditions for John Meggs violating ADAAG Section 4.3 and Sections 402

and 403 of the 2010 ADAS.

iv.      Ramps at Pelican Grand Hotel lack compliant landings at top and bottom of each run

(30" rise max) endangering John Meggs and violating the ADAAG and ADAS

Section 405.

v.       Ramp surface contains an excessive slope/side slope of > 12% (> 8.33%) in violation

of ADAAG Section 4.8 and Section 405 2010 ADAS.

vi.      Ramp surface contains an excessive slope/side slope of > 10% (> 8.33%) in violation

of ADAAG Section 4.8 and Section 405 2010 ADAS.

vii.     Ramp surface contains an excessive slope/side slope of > 3% (> 8.33%) in violation

of ADAAG Section 4.8 and Section 405 2010 ADAS.

viii.    Stairs at Pelican Grand Hotel lack compliant handrails, have open risers or otherwise

do not comply with standards prescribed in ADAAG Section 4.9 and ADAS Section

504.

C.   Access to Goods and Services

i.       Counters are > 40", in excess of 36", preventing John Meggs from using, in violation

of Section 7.2 (1) of the ADAAG.

ii.      Table-top and writing surface heights are (28" min / 34" max), preventing use by

John Meggs, violating 2010 ADAS.

   iii.    Table knee and toe space is, high (27" min) and deep (17" min), preventing use by John Meggs.

   iv.    Table knee and toe space is, high (27" min) and deep (17" min), preventing use by John Meggs.

   v.    Pool areas lack proper entry components, lack compliant surfaces and/or accessible routes to use or observe, preventing use by John Meggs, in violation of the ADA and 2010 ADAS Section 1009.

## RELIEF SOUGHT AND THE BASIS

22.     The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations.   Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

23.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination,

injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     While Defendant, JEFAST PELICAN GRAND I LLC, as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

27.     A Defendant is required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates their business, located within the Commercial Property located in Fort Lauderdale, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 26, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
                               dperaza@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
        ANTHONY J. PEREZ
        Florida Bar No.: 535451
        BEVERLY VIRUES
        Florida Bar No.: 123713